UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

CONNIE RECKART,

      Plaintiff,

vs.

LINDA M. WERLEIN, individually and
d/b/a EURO PROS K-9 CENTER,

      Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CONNIE RECKART (hereinafter "Plaintiff"), brings this action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, against Linda M. Werlein, individually and doing business as Euro Pros K-9 Center (hereinafter "Defendant"), and alleges as follows:

### PARTIES

1. Plaintiff Connie Reckart was employed by Defendant from approximately December 10, 2019 to March 1, 2020. She worked out of Defendant's dog training and boarding facility, where Defendant Werlein also maintained her personal residence, at 35571 SR 70 East, Myakka City, Florida 34251.

2. Defendant Linda M. Werlein is an individual who, at all times material hereto,

resided at 35571 SR 70 East, Myakka City, Florida 34251.

3.  Defendant Werlein is also the sole proprietor of a dog training and boarding company named "Euro Pros K-9 Center," (hereinafter "Euro Pros") which has a principal place of business at 35571 SR 70 East, Myakka City, Florida 34251.

4.  At all times material hereto, Defendant exerted control over Euro Pros' employees, pay practices and policies. Defendant was involved in the day-to-day operations of the business and maintained direct responsibility for the supervision of Plaintiff.

## JURISDICTIONAL ALLEGATIONS

5.  This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, because this action involves federal questions under the FLSA, the ADA, and Title VII of the Civil Rights Act.

6.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as the state law claims are related to Plaintiff's federal claims and arise from the same case or controversy as Plaintiff's federal claims.

7.  This Court has original and personal jurisdiction over this action because Defendant is engaged in business within the State of Florida, and the action complained of occurred in Florida.

8.  Venue is proper in the Tampa Division of the Middle District of Florida

pursuant to 28 U.S.C. § 1391(b)(2) and Rule 1.02(c) of the Local Rules for the United States District Court, Middle District of Florida, because the events giving rise to these claims occurred in this jurisdiction and Defendant conducts business in this jurisdiction.

## FLSA COVERAGE

9.  At all times material hereto, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all times material hereto, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s) of the FLSA because it had employees engaged in commerce.

11. Furthermore, at all times material hereto, Defendant had, and continues to have, an annual gross business volume in excess of the statutory standard.

12. At all times material hereto, Defendant exerted control over Euro Pros' employees, pay practices, and policies. Defendant was involved in the day-to-day operations of Euro Pros' business and maintained direct responsibility for the supervision of Plaintiff.

13. At all times material hereto, Plaintiff was an employee of Defendant, who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207. For example, employees employed by Defendant utilized training

devices, tools, and materials that were purchased from outside of Florida and moved in interstate commerce. Further, employees employed by Defendant provided services to customers who resides both inside and outside of Florida.

14. Plaintiff's duties as an employee of Defendant consisted of training dogs, assisting with the training of dogs, cleaning dog kennels, and providing other services to Defendant's facilities as directed by Defendant. Plaintiff used and utilized training devices, tools, and materials that were purchased from outside of Florida and moved in interstate commerce. Further, Plaintiff provided services to customers who resides both inside and outside of Florida. Accordingly, Plaintiff was involved in interstate commerce

## GENERAL ALLEGATIONS

15. Plaintiff began working for Defendant on December 10, 2019. She was hired to assist with dog training, cleaning Defendant's facilities, walk dogs, and complete any other tasks directed by Defendant.

16. At the time Plaintiff was hired, Defendant agreed to pay her $10.00 per hour.

17. On or around February 2020, Plaintiff's hourly rate was increased to $12.00 per hour.

18. Throughout her employment, Plaintiff worked, on average, fifty-five (55) hours per week.

19. Throughout Plaintiff's employment, Defendant maintained a policy and

practice of willfully refusing to pay Plaintiff for any hours worked over forty (40) per workweek.

20. Defendant Werlein specifically told Plaintiff during her employment not to report any hours worked over forty (40) each week. If she did report hours over forty (40) worked during any workweek, Plaintiff would not be paid.

21. As an employee, Plaintiff was non-exempt from the Fair Labor Standards Act's provisions regarding overtime wages.

22. Upon information and belief, the records, to the extent they exist, concerning the number of hours and amounts paid to Plaintiff are in the possession, custody, and control of Defendant.

23. Aa a female employee, Plaintiff is a member of a protected class within the meaning of Title VII of the Civil Rights Act.

24. Defendant was Plaintiff's employer within the meaning of Title VII of the Civil Rights Act, in that they employed fifteen (15) or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

25. During Plaintiff's employment, she was subjected to a hostile work environment on the basis of gender by Defendant Werlein.

26. Examples of the hostility and abuse Plaintiff was subjected to include, but are not limited to:

a. Defendant Werlein would routinely force Plaintiff to eat lunch with her during the work day. While eating lunch, Defendant Werlein would continuously fondle and pick at the pubic hair in and around her vagina, making no effort to disguise what she was doing or to cover herself. Plaintiff would repeatedly ask Ms. Werlein to stop, because it made Plaintiff feel very uncomfortable, however Defendant refused;

b. Another female Euro Pros manager would consistently walk around the property during working hours without wearing a shirt, bra, or any other type of clothing on the top half of her body. Plaintiff reported this behavior to Ms. Werlein, telling her that it made her feel very uncomfortable, however Ms. Werlein refused to take any corrective action;

c. On numerous occasions, Ms. Werlein would physically strike Plaintiff. Ms. Werlein never physically struck any of the male employees. On one such occasion, Ms. Werlein was attempting to correct the method Plaintiff was using to train a dog to walk off-leash, and forcefully hit her arm and hand in disapproval. On another occasion, while ranting about the Nazi party of Germany, Ms. Werlein physically shoved Plaintiff for disagreeing with her various points of view.

27. The working environment Plaintiff was subjected to by Defendant was so severe and pervasive that it altered the terms, conditions, and privileges of Plaintiff's

employment.

28. Specifically, Plaintiff was subjected to corporal punishment for what Defendant considered ineffective technique in dog training. Moreover, Plaintiff was forced to submit to sexually abusive and harassing behavior during work hours, as described above, which were outside of her job duties and responsibilities.

29. Despite complaining about each and every act of abuse, harassment and discrimination she was subjected to, Defendant failed to correct, investigate, cure, or alleviate the behavior of Ms. Werlein or the other employees in any way.

30. On March 1, 2020, unable to continue working in the environment created by Defendant, Plaintiff resigned her employment.

31. All conditions precedent to filing this action have been satisfied or waived. Specifically, Plaintiff was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission on February 8, 2021. That notice is attached hereto as Exhibit "A."

32. Plaintiff has hired the undersigned law firm and agreed to pay them a fee.

## COUNT I: RECOVERY OF UNPAID OVERTIME WAGES

33. Plaintiff incorporates and adopts all allegations contained within paragraphs 1-32 above into this Count, as if set out fully and completely herein.

34. Plaintiff was an employee of Defendant pursuant to the FLSA.

35. Plaintiff performed non-exempt job duties.

36. Defendant was aware Plaintiff was performing non-exempt job duties.

37. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek.

38. During her employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for same.

39. Defendant's refusal to pay Plaintiff one and one-half times her regular rate of pay for all hours worked in excess of forty (40) per workweek was willful and intentional, as described in this Complaint.

40. As a result of Defendant's willful, intentional, and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

41. Defendant was aware that Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

42. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

43. Defendant failed to post required informational FLSA listings as required by the FLSA.

44. Defendant's conduct was in reckless disregard of the overtime requirements of the FLSA.

45. Defendant willfully violated the FLSA.

46. Plaintiff is entitled to liquidated damages.

**COUNT II: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

47. Plaintiff incorporates and adopts all allegations contained within paragraphs 1-32 above into this Count, as if set out fully and completely herein.

48. Plaintiff was a member of a protected class as a female employee.

49. Plaintiff was an employee of Defendant within the meaning of the Civil Rights Act.

50. Defendant was Plaintiff's employer within the meaning of the Civil Rights Act.

51. Plaintiff was subjected to unwelcome sexual harassment, as detailed in paragraphs 25-30 of this Complaint.

52. The harassment was based on Plaintiff's sex, or alternatively, was of a sexual nature.

53. The harassment and abuse experienced by Plaintiff, detailed in paragraphs 25-30 of this Complaint, was so sufficiently severe or pervasive that it altered the terms and conditions of Plaintiff's employment, and created a discriminatorily abusive working environment.

54. All of the harassment and abuse experienced by Plaintiff was either committed by or condoned by Defendant herself. Accordingly, a clear basis for holding

Defendant liable exists.

55. As a result of Defendant's actions, Plaintiff has suffered damages, including back pay, future lost wages, emotional distress, and attorneys' fees and costs incurred in bringing this action.

56. Defendant's conduct, as detailed in this Complaint, was intentional and malicious. Accordingly, Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiff hereby demands judgment against Defendant on all counts herein, and further prays that the Court issue an Order awarding Plaintiff the economic damages, non-economic damages, liquidated damages, compensatory damages, punitive damages, and reasonable attorneys' fees and costs Plaintiff has and will incur in bringing this action, along with any and all other relief that the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

DATED this 20th day of July, 2021, and respectfully submitted by:

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.

Florida Bar Number: 0118601
E-Mail: nick@buckmanandbuckman.com

/s/ Y. Drake Buckman, II
Y. Drake Buckman, II, Esq.
Florida Bar Number: 0137634
E-Mail:
attorney@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Blvd.
Sarasota, FL 34231
Telephone:   (941) 923-7700
Fax:            (941) 923-7736

*Attorneys for Plaintiff, Connie Reckart*