UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CONNIE RECKART,**

    **Plaintiff,**

vs.                              CASE NO.: 8:21-cv-01754-MSS-SPF

**LINDA M. WERLEIN, individually
and d/b/a EURO PROS K-9 CENTER,**

    **Defendant**         /
_____

## ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANT LINDA M. WERLEIN, individually, and EURO PROS K- 9 CENTER

Defendant, LINDA M. WERLEIN, individually, and EURO PROS K-9 CENTER, ("Defendant"), by and through undersigned counsel, files this Answer and Affirmative Defenses to the Plaintiff's Complaint and Demand for Jury Trial as follows:

### PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied that Defendant controlled or supervised Plaintiff and denied that Defendant controlled Plaintiff's pay.

### JURISDICTIONAL ALLEGATIONS

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

## FLSA COVERAGE

9. Admitted that Defendant is an employer, but the remaining allegations and implications contained in this paragraph are denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Admitted that Plaintiff trained dogs but remainder of paragraph 14 is denied.

## GENERAL ALLEGATIONS

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied. Defendant is not a covered enterprise under FLSA.

22. Admitted.

23. Admitted.

24. Denied.

25. Denied.

26. Subparagraphs a – c are Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted that Plaintiff voluntarily resigned. The remaining allegations contained in ¶30 are Denied.

31. Admitted.

32. Acknowledged Plaintiff has hired the undersigned law firm.

## **COUNT I: RECOVERY OF UNPAID OVERTIME WAGES**

33. Defendant incorporates by reference its answers to paragraphs 1 through 32 herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

3

## COUNT II: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

47. Defendant incorporates by reference its responses to paragraphs 1 through 46 herein.

48. Admitted.

49. Denied.

50. Admitted but any allegation or implication that Defendant is an employer governed by or required to comply with Title VII of the Civil Rights Act is Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief identified.

## DEMAND FOR JURY TRIAL

Acknowledged that a jury trial has been requested.

## DEFENSES AND AFFIRMATIVE DEFENSES

57. With respect to the claims under the Fair Labor Standards Act (FLSA), at all times relevant, Defendant did not have an annual gross sales volume of $500,000.00 per year; therefore, no enterprise coverage exists under the FLSA.

58. At all times relevant, Plaintiff was not performing work on behalf of Defendant that would qualify for "individual coverage" under the FLSA.

59. Assuming, *arguendo*, that FLSA coverage exists, Defendant paid Plaintiff for all hours worked.

60. Assuming, *arguendo*, that FLSA coverage exists over the claims at issue, Plaintiff was compensated at least minimum wages for all hours worked.

61. Assuming, *arguendo*, that FLSA coverage exists over the claims at issue, to the extent Plaintiff is deemed non-exempt, and stayed on property, Defendant is entitled to the 3(m) credit under the FLSA for the costs of lodging, room, board, meals and other costs fully paid for by Defendant.

62. Any events occurring outside the applicable limitations period are barred by the Statute of Limitations.

63. Assuming, *arguendo*, that FLSA coverage exists, Defendant posits it acted in good-faith compliance with applicable law and without any willfulness or intention to knowingly deprive Plaintiff of any alleged pay due, thus Plaintiff is not entitled to any or all liquidated or additional damages.

64. Defendant further asserts it neither knew, nor could have known that Plaintiff was working during times she now claims, and Plaintiff intentionally either has falsified or withheld information regarding the alleged hours of work. Defendant had no constructive or actual knowledge of Plaintiff's work which was unreported and for which she now claims she was not paid, and therefore, Plaintiff's claims are barred.

65. Defendant asserts the defense of "unclean hands." If Plaintiff was not properly paid, it was only because Plaintiff intentionally withheld hours worked.

66. Plaintiff never raised any concerns about allegedly not being paid properly while employed, and further failed to make any good-faith or sincere attempt to address and/or resolve the issues.

67. For purposes of the claim brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), Defendant is not an "employer" subject to, or governed by said law. Defendant does not employ the requisite number of employees.

68. Assuming, *arguendo,* that Title VII applies, Defendant acted in a legitimate, non-discriminatory manner involving Plaintiff at all times relevant, not for any pretextual reasons.

69. Assuming, *arguendo,* that Title VII applies, Defendant asserts the alleged conduct did not happen, and the working environment was not severe, pervasive, abusive, hostile, or otherwise unlawful in any manner.

70. Assuming, *arguendo,* that Title VII applies, Defendant asserts that Plaintiff never complained to anyone about the alleged harassment, thereby denying the Defendant the ability to take any corrective action.

71. Plaintiff cannot establish any damages, whether compensatory, liquidated or punitive in nature, as a matter of fact and law.

72. Defendant hereby reserves the right to further amend this Answer and Affirmative Defenses on the basis of facts and other matters learned in discovery, up to and including the date of trial. The failure of Defendant to raise a defense and/or affirmative defense herein shall not be deemed a waiver of its right to do so as may be warranted.

73. Further, Defendant reserves the right to further amend this Answer and Affirmative Defenses to file one or more Counter-Claims against and seek damages from Plaintiff based on the facts learned or obtained during discovery.

**WHEREFORE,** Defendant having filed this amended answer, and thus, having fully answered Plaintiff's Complaint and stated its defenses and its demand for attorneys' fees, Defendant asks this Court to enter judgment against Plaintiff and in favor of Defendant and to award Defendant its attorneys' fees, costs and all other appropriate relief as determined by this Court.

Dated: October 6, 2021

*/s/ Nikhil N. Joshi*
NIKHIL N. JOSHI, ESQ.
Florida Bar Number: 123803
LORRAINE MAASS HULTMAN, ESQ.
Florida Bar Number: 250511
Hultman + Joshi P.A.
*Attorneys for Defendant*
2055 Wood Street, Suite 208
Sarasota, FL 34237
T: 941.218.2800/Fax: 941.218.2801
lori@hultmanjoshi.com
nik@hultmanjoshi.com
hjassistant@hultmanjoshi.com

## CERTIFICATE OF SERVICE

I, NIKHIL N. JOSHI, ESQ., HEREBY CERTIFY that on this 6th day of October 2021 a true and correct copy of the foregoing has been filed electronically using the Court's E-filing portal and that copies of the same have been served by E-Mail to:

Nicholas J. Castellano, II, Esq.  E-Mail: nick@buckmanandbuckman.com
Y. Drake Buckman, II, Esq.  E-Mail: attorney@buckmanandbuckman.com
BUCKMAN & BUCKMAN, P.A.
*Attorneys for Plaintiff, Connie Reckart*

*/s/ Nikhil N. Joshi*
NIKHIL N. JOSHI, ESQ.